IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Gloria Brown Jackson,<br><br>    Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | C/A No.: 1:14-3487-BHH-SVH<br><br><br>REPORT AND RECOMMENDATION |

  This appeal from a denial of social security benefits is before the court for a Report and Recommendation ("Report") pursuant to Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

  Plaintiff brought this action seeking judicial review of the Commissioner's decision in a complaint filed on August 29, 2014. [Entry #1]. Plaintiff was directed to answer the court's special interrogatories by Order dated September 3, 2014. [Entry #6]. Plaintiff filed a response on September 25, 2014, in which she indicated that Administrative Law Judge ("ALJ") Frank D. Armstrong denied her claims for DIB and SSI. [Entry #9 at 1–2]. Plaintiff attached a copy of the ALJ's decision, which was dated June 27, 2013. [Entry #9-1 at 11]. Plaintiff also indicated that the Appeals Council

denied review by a final decision dated June 27, 2014. [Entry #9 at 2]. Plaintiff did not attach a copy of the final decision from the Appeals Council.

The provisions of 42 U.S.C. § 405(g) require that a civil action be commenced within 60 days after the mailing to Plaintiff of notice of such decision or within such further time as the Commissioner of Social Security may allow. Plaintiff indicated that the final decision of the Commissioner was issued on June 27, 2014. [Entry #9 at 2]. The undersigned cannot confirm this date because Plaintiff did not attach a copy of the Appeals Council's decision. Plaintiff commenced this action on August 29, 2014, which was 63 days after what she alleged to be the date of the mailing of the notice of the Commissioner's final decision. *See* [Entry #1]. Plaintiff has presented no evidence to suggest that the notice of the Commissioner's final decision was mailed late or that the Commissioner of Social Security allowed her additional time to commence a civil action. Therefore, the undersigned recommends a finding that this action was not filed timely in accordance with 42 U.S.C. § 405(g) and that it be dismissed.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 29, 2014                                  Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).