IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria Brown Jackson, ) | Civil Action No.: 1:14-3487-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Commissioner of Social Security ) Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ | |

In this action, the plaintiff Gloria Brown Jackson ("the plaintiff"), proceeding *pro se*, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The plaintiff filed her complaint pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), essentially asserting that the Commissioner's decision was not supported by substantial evidence. (ECF No. 1.)

The matter is currently before the Court for review of the Report and Recommendation ("Report") of Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(c) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C. and filed on September 29, 2014. (ECF No. 11.) In the Report, Magistrate Judge Hodges recommended that this action be dismissed because the complaint was not timely filed in accordance with 42 U.S.C. § 405(g).

The Report sets forth the relevant standards of law and facts related to this case. Specifically, the plaintiff failed to present evidence that the Commissioner's final decision issued on June 27, 2013, was mailed late or that the Commissioner allowed her additional time to commence a civil action; and, while she has indicated that the Appeals Council denied review on June 27, 2014, she failed to provide a copy of that final decision. The plaintiff filed objections to the Report. (ECF No. 14.)

## STANDARD

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## DISCUSSION

The Report recommends that this action be dismissed because the complaint was not timely filed in accordance with 42 U.S.C. § 405(g). As noted above, the plaintiff filed

objections to the Magistrate Judge's Report, which the Court has carefully reviewed. It is fair to say, however, that the plaintiff does not make any specific objections to the Report and the plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.   Specifically, the Report recognized that (1) the date of the ALJ's decision was June 27, 2013, and (2) the plaintiff had not produced any evidence sufficient to establish that the Appeals Council reviewed that decision, on June 27, 2014, as the plaintiff alleges.  (ECF No. 11 at 1-2.)

The plaintiff's objections fail to rejoin either observation.  She does not dispute the date of the ALJ's decision.  (ECF No. 14, Ex. 5)  And, she has still not produced evidence of any Appeals Council decision.  *See id.,* Exs*.*  Rather, the plaintiff's brief response to the Report, and accompanying documentation, appear tailored to prove that she timely responded to *this* Court's order to bring her case into proper form and answer special interrogatories.  Regardless of her intent in objection, the plaintiff has not made any argument or evidentiary showing that would change the undersigned's view of the propriety of the Report in this case.

To that end, the Court has carefully reviewed the plaintiff's objections and has made a *de novo* review of the entire matter and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Upon such review, the Court finds that the plaintiff's objections have no merit and are hereby overruled.

**CONCLUSION**

The Court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. Thus, the Court adopts the Report and Recommendation and incorporates it herein by reference. The within action is DISMISSED *with prejudice* for failure to timely file a complaint in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

/s/Bruce Howe Hendricks
United States District Judge

October 22, 2014
Greenville, South Carolina