IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gloria Brown Jackson, | ) Civil Action No.: 1:14-3487-BHH |
| Plaintiff, | ) |
| v. | ) |
| Commissioner of Social Security Administration, | ) **OPINION AND ORDER** |
| Defendant. | ) |

The plaintiff has written the Court asking for reconsideration of its October 22, 2014, Order (ECF No. 16) dismissing this action with prejudice for failure to timely file a complaint, which the Court will treat as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir.2002). Nor are they opportunities to revisit issues already ruled upon simply because a litigant is displeased with the result. See *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir.1993) (stating that "mere disagreement does not support a Rule 59(e) motion") (citation omitted).

In the plaintiff's motion for reconsideration, she does not argue that there has been an intervening change in controlling law, or that the Court's decision must be altered to

account for new evidence which was not previously available.  The Fourth Circuit has held that "[a] prior decision does not qualify for this third exception by being "just maybe or probably wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir.2009) (*quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, 1995 WL 520978 at *5 n. 6 (4th Cir. Sept. 5, 1995) (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir.1988)).  The decision must be "dead wrong."  *Sterling Elec.*, 866 F.2d at 233.

The Court has considered the plaintiff's request and particularly the appeal of Judy Maree, on the plaintiff's behalf (ECF No. 16), that her treating physician be contacted concerning the plaintiff's disability.  Unfortunately, as the Court has previously discussed, there are procedural deficiencies in the way the plaintiff has brought her lawsuit that preclude this Court's consideration.  It was not filed on time.  (ECF Nos. 11, 16.)  At no point has the plaintiff, or those in her stead, made any response to this issue.  And, so her motion to reconsider does not properly relate to or undermine the legal basis for dismissal of her case, regrettably.  Her motion is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 31, 2015
Greenville, South Carolina

-2-